IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOPRAMCO CV9 CFL, LLC,<br><br>      Plaintiff<br><br>      v.<br><br>RICARDO OQUENDO-MELÉNDEZ,<br><br>      Defendant | CIVIL NO. 10-1424 (JP) |

**JUDGMENT BY DEFAULT**

    Before the Court is Plaintiff Sopramco CV9 CFL, LLC's ("Sopramco") motion for default judgment (**No. 8**). For the reasons stated herein, Plaintiff's motion is **GRANTED**. Defendant Ricardo Oquendo-Meléndez ("Oquendo") was personally served with summons and the complaint on June 6, 2010 (No. 4). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant Oquendo was required to answer or otherwise plead on or before June 28, 2010. Because Defendant did not answer or otherwise plead by the required date, default was entered on July 7, 2010 (No. 7). Noting that Defendant has not appeared or answered the complaint, after due deliberation and consideration, the Court determines that Plaintiff is entitled to a judgment by default.

    Accordingly, the Court hereby **ENTERS JUDGMENT** for Plaintiff Sopramco to have and recover from Defendant Oquendo the sums of **ONE HUNDRED THIRTY ONE THOUSAND, THREE HUNDRED SEVENTY SEVEN DOLLARS AND**

CIVIL NO. 10-1424 (JP)          -2-

**NINETY ONE CENTS ($131,377.91),** $2,947.29 in accrued interest as of March 29, 2010, which continues to accrue at 6.125% ($22.35 per diem) until payment in full, $170.12 in accrued late charges, and any disbursements made by Plaintiff on behalf of Defendant in accordance with the mortgage deed, plus costs, and attorney fees in the amount of $14,000.00.

**IT IS HEREBY ORDERED:**

1. In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, and upon presentation to the Court of verified evidence that the mortgage has been duly recorded, the following mortgaged property described in the Spanish language, shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment of Plaintiff's mortgage within the limits secured thereby:

> **PROPIEDAD HORIZONTAL: URBANA: Apartamento residencial de un nivel, de forma sustancialmente rectangular, localizado en el cuarto (4to) piso del Edificio Tres (3) en el Condominio Vistas del Pinar, identificado con el número tres guión cuatrocientos uno (#3-401), situado en el Barrio Mucarabones del Municipio de Toa Alta, Puerto Rico, con un área aproximada de mil doscientos sesenta y dos punto trece (1262.13) pies cuadrados, equivalentes a CIENTO DIECISIETE PUNTO VEINTICUATRO (117.24) METROS CUADRADOS. En lindes por el NORTE, en una distancia aproximada de nueve punto cero cuatro (9.04) metros, con paredes exteriores que con la fachada delantera del Edificio y áreas verdes; por el SUR, en una distancia aproximada de nueve punto cero cuatro (9.04) metros, con pared exterior de la fachada posterior del Edificio y área verde; por el ESTE, en una distancia aproximada de**

CIVIL NO. 10-1424 (JP)              -3-

> **diecisiete punto catorce (17.14) metros, con pared exterior del Edificio que da hacia el área verde, cuya pared es la fachada lateral del Edificio entrando; y por el OESTE, en una distancia aproximada de dieciocho punto sesenta y siete (18.67) metros, con pared que lo separa del apartamento número tres guión cuatrocientos dos (#3-402), pasillo donde tiene su puerta principal de entrada y que lo comunica con las escaleras de salida a la vía pública y paredes exteriores del Edificio que dan hacia el área verde. Consiste de sala-comedor, balcón, pasillo, tres (3) dormitorios, dos (2) baños, área para lavandería y walk-in closet. La puerta de entrada está localizada en su colindancia Oeste, por donde tiene acceso a la vía pública.**
>
> **Le corresponde un porcentaje en los elementos comunes generales de cero punto cero ciento tres por ciento (0.0113%).**
>
> **Tiene asignado el estacionamiento número tres (3) guión cuatrocientos uno (#3-401) para dos (2) automóviles.**

2. Aguedo de la Torre is designated as Special Master to carry out the sale of said property. However, the Special Master shall not proceed to carry out the sale until further order of the Court and under the form and conditions to be directed by the Court.

3. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of the Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this action is One Hundred and Forty Thousand Dollars ($140,000.00).

CIVIL NO. 10-1424 (JP)          -4-

    4.   Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of the Court shall be applied as follows:

        a.   To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

        b.   To the payment of all expenses or advances made by Plaintiff.

        c.   To the payment to Plaintiff of the sums of $131,377.91 in principal debt, $2,947.29 in accrued interest as of March 29, 2010, which continues to accrue at 6.125% ($22.35 per diem) until payment in full, $170.12 in accrued late charges, and any disbursements made by Plaintiff on behalf of Defendant in accordance with the mortgage deed, plus costs, and attorney fees in the amount of $14,000.00.

        d.   If after making all the above payments there shall be a surplus, said surplus shall be delivered to the

CIVIL NO. 10-1424 (JP)          -5-

          Clerk of this Court, subject to further orders of the Court.

     e.  If after making all the above payments there is a deficiency, Plaintiff may seek further orders of the Courts to collect said deficiency from Defendant.

5.   Plaintiff may move the Court for such further orders as it may deem advisable, in accordance with the terms of this Judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2010.

                                              s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE